FILED

MAR 04 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY              DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ROGERIO CARDONA-GARCIA, | CASE NOS. 09cv2521; 09cr0809 |
|---|---|
| Petitioner, | **ORDER DENYING 2255 PETITION** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## INTRODUCTION

Petitioner Rogerio Cardona-Garcia moves, pursuant to 28 U.S.C. § 2255, for a reduction in his sentence. Dkt. No. 28. Because Petitioner has not demonstrated ineffective assistance of counsel, the Petition is **DENIED**.

## DISCUSSION

Petitioner claims his Sixth Amendment right to effective assistance of counsel was violated when his counsel purportedly failed to argue that Petitioner merited a two-level downward departure based on deportable alien status.

The Sixth Amendment affords each criminal defendant a general right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684 (1984). Under the United States Supreme Court's decision in *Strickland*, a defendant who complains that his attorney has provided ineffective assistance must demonstrate: (1) the attorney's performance "fell below an objective standard of reasonableness;" and (2) there exists "a reasonable probability that, but for counsel's unprofessional

1   errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694;
2   *United States v. Alferahin*, 433 F.3d 1148, 1160-61 (9th Cir. 2006). Petitioner fails to satisfy the
3   second element.

4       Even if the Court assumes some error by counsel, Petitioner has failed to show a reasonable
5   probability that, but for the errors, the result would have been different. *Strickland*, 466 U.S. at 694.
6   Petitioner fails to produce any argument or evidence showing that, even if Petitioner's counsel had
7   directly raised the argument at sentencing, Petitioner would have been entitled to a 2-point downward
8   departure based on deportable alien status. A downward departure based on deportable alien status
9   is not provided for in the Sentencing Guidelines; rather, courts are permitted to consider this factor in
10  sentencing because deportable aliens are not released back into the community after serving their
11  sentence and, therefore, do not qualify for spending the last 10% of their prison term in community
12  confinement under 18 U.S.C. § 3624(c). *United States v. Charry Cubillos*, 91 F.3d 1342, 1344-45 (9th
13  Cir. 1996).

14      A downward departure based on deportable alien status "may be granted . . . only if the factor
15  is sufficient to take the case out of the Guideline's heartland . . . while bearing in mind the
16  Commission's expectation that departures based on grounds not mentioned in the Guidelines will be
17  highly infrequent." *United States v. Davoudi*, 172 F.3d 1130, 1134 (9th Cir. 1999) (internal quotations
18  omitted). It is not uncommon for courts to refuse to depart downward based on deportable alien status,
19  finding that the circumstances of the case do not fall outside the heartland of the cases. *See United*
20  *States v. Romero*, 293 F.3d 1120, 1127 (9th Cir. 2002) (affirming district court's judgment and refusal
21  to depart downward despite defendant's status as a deportable alien); *id.* at 1134 (same).

22      Here, Petitioner fails to demonstrate how the circumstances of this case fall outside the
23  heartland of cases such that a downward departure based on deportable alien status would apply. As
24  such, the Court finds Petitioner has failed to show he was prejudiced by any purported ineffective
25  assistance of counsel at sentencing and, thus, has failed to satisfy the *Strickland* elements necessary
26  for his ineffective assistance of counsel claim.
27  ///
28  ///

# CONCLUSION

Petitioner's motion is **DENIED**. The Clerk shall close case number 09cv2521. Additionally, the Court **DENIES** a certificate of appealability because the issues are not debatable among jurists of reason, and there are no questions adequate to deserve encouragement.

**IT IS SO ORDERED.**

DATED: 3/04/2011

Hon. Roger T. Benitez
United States District Court